ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ELAINE ODEH, ESQ.
Nevada Bar No. 14099
**SGRO & ROGER**
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
eodeh@sgroandroger.com
*Attorneys for Plaintiff Frederck Nunez and Miguel Angel Flores*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDERICK NUNEZ and MIGUEL ANGEL FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DZURENDA, et al.,<br><br>Defendants. | **CASE NO.**: 2:25-cv-01283-JAD-BNW<br><br>**STIPULATION AND ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs, FREDERICK NUNEZ and MIGUEL ANGEL FLORES ("Plaintiffs"), through their counsel of record and Defendants JAMES DZURENDA, CALVIN JOHNSON, and WENDELL BUNTING (collectively "Defendants") through their counsel of record, respectfully submit this Stipulation and Order for Leave to File First Amended Complaint.

**STIPULATION**

1. Plaintiffs filed this action under 42 U.S.C. § 1983 arising from a prison attack and use-of-force incident at High Desert State Prison ("HDSP").

2. The Court screened Plaintiffs' original Complaint under 28 U.S.C. § 1915A and allowed Plaintiffs' Eighth Amendment failure-to-protect claim to proceed against Defendants Dzurenda, Johnson, Bunting, and participating Doe Officers, and allowed Plaintiffs' Eighth Amendment excessive-force claim to proceed against participating Doe Officers once Plaintiffs identify them and move to substitute them as parties.
3. The Court dismissed Plaintiffs' Monell claim against the State of Nevada and Nevada Department of Corrections ("NDOC") with prejudice, dismissed Plaintiffs' state-law claims without prejudice and without leave to amend in this federal action for lack of jurisdiction, and dismissed the State of Nevada and NDOC from the complaint.
4. The current scheduling order listed January 22, 2026 as the deadline for amending pleadings and adding parties. That deadline has passed.
5. Since that deadline, Plaintiffs have received and reviewed disclosures, incident records, staff reports, written discovery responses, and other materials that identify or clarify the roles of officers, supervisors, classification officials, STG/intelligence officials, and response officers involved in the September 18, 2024 incident.
6. Those materials revealed or confirmed the identities and roles of additional individual defendants, including officers and supervisors involved in searching, restraining, and releasing Plaintiffs and the attackers, supervising Unit 4 C/D, responding to the incident, using or attempting to use force, communicating or receiving Plaintiffs' safety warnings, and addressing classification, STG, protective-housing, transfer, and segregation issues.
7. The proposed First Amended Complaint corrects the incident date from September 17, 2024 to September 18, 2024.

8. The proposed First Amended Complaint names individual defendants identified through discovery, including newly identified officers and supervisors, while preserving Doe categories for individuals whose identities and roles remain subject to discovery.

9. The proposed First Amended Complaint conforms to the Court's screening order by omitting the dismissed state-law claims, omitting the dismissed Monell claim against NDOC and the State of Nevada, and not naming NDOC or the State of Nevada as defendants.

10. The proposed First Amended Complaint asserts only federal claims under 42 U.S.C. § 1983 against individual defendants in their individual capacities.

11. The parties agree that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order for the limited purpose of permitting Plaintiffs to file the proposed First Amended Complaint because Plaintiffs could not reasonably identify and plead the newly named defendants' roles before receiving and reviewing the relevant discovery materials.

12. To the extent Federal Rule of Civil Procedure 6(b)(1)(B) applies because the amendment deadline has passed, the parties agree that the circumstances support a finding of excusable neglect. Plaintiffs' failure to amend before the deadline resulted from the fact that the information necessary to identify the new individual defendants and plead their roles was not available to Plaintiffs before the deadline.

13. The parties further agree that amendment is appropriate under Federal Rule of Civil Procedure 15(a)(2) because the amendment arises from the same incident, the same HDSP unit, the same alleged injuries, and the same Eighth Amendment theories already screened by the Court.

14. The parties agree that the proposed amendment will not unduly prejudice Defendants. Discovery remains open, and the parties anticipate separately stipulating to a 90-day extension of discovery deadlines to allow sufficient time for discovery relating to the newly identified individual defendants and remaining Doe-related discovery.

15. The parties therefore stipulate that Plaintiffs may file the proposed First Amended Complaint, attached as Exhibit 1, within 7 days of the Court's order approving this Stipulation.

16. This Stipulation is made in good faith and not for purposes of delay.

DATED this 17th day of July 2026.

| | |
|---|---|
| **SGRO & ROGER**<br><br>By: *<u>/s/ Elaine Odeh</u>*<br>ANTHONY P. SGRO, ESQ.<br>Nevada Bar No. 3811<br>ELAINE ODEH, ESQ.<br>Nevada Bar No. 14099<br>2901 El Camino Avenue, Suite 204<br>Las Vegas, Nevada 89102<br>*Attorneys for Plaintiff Emily Moya* | **AARON D. FORD Attorney General**<br><br>By: *<u>/s/ Victoria Corey</u>*<br>VICTORIA C. COREY, ESQ.<br>Bar No. 16364<br>Senior Deputy Attorney General<br>State of Nevada<br>Office of the Attorney General<br>1 State of Nevada Way., Ste. 100<br>Las Vegas, Nevada 89119<br>*Attorneys for Defendants* |

## ORDER

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATE: July 20, 2026